FILED
SUPERIOR COURT
OF GUAM

2021 JUL -6 PM 4: 11

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0488-14** |
| | **GPD Report No. 14-26030** |
| Plaintiff, | |
| vs. | |
| | **DECISION AND ORDER** |
| | **(Written Statement of Objection and** |
| **PAUL JOHN SANTOS,** | **Request for Recusal of Court [7 G.C.A.** |
| DOB: 03/31/1967 | **§ 6107])** |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Dana A. Gutierrez for the limited purpose of addressing Defendant Paul John Santos' ("Defendant") Written Statement of Objection and Request for Recusal of Court [7 G.C.A. § 6107] ("Request for Recusal"). Defendant is represented by Attorney Curtis C. Van de veld and moves for the recusal of the Honorable Vernon P. Perez ("Judge Perez") in the above-captioned case. Upon consideration of the parties' positions and the applicable law, the Court hereby **DENIES** Defendant's Request for Recusal.

## BACKGROUND

Pursuant to a Second Superseding Indictment, Defendant was charged with: (1) three counts of First Degree Criminal Sexual Conduct ("CSC") (as a First Degree Felony) involving personal injury to the victim and the use of force or coercion; (2) three counts of First Degree CSC (as a First Degree Felony) under circumstances involving the commission of another felony; (3) two counts of Second Degree CSC (as a First Degree Felony) involving personal

injury to the victim and the use of force or coercion; (4) two counts of Second Degree CSC (as a First Degree Felony) under circumstances involving the commission of another felony; (5) Bribery (as a Third Degree Felony); (6) two counts of Official Misconduct (as a Misdemeanor); and (7) Abetting Prostitution (as a Misdemeanor).

The trial court held a jury trial, and after deliberation, the jury returned a verdict of guilty for the following charges: one count of Third Degree CSC, as an included offense of First Degree CSC (Charge One – Count One); three counts of First Degree CSC (Charge One – Count Two, Charge Two – Counts One and Two); one count of Second Degree CSC (Charge Four – Count One); Bribery (Charge Five); two counts of Official Misconduct (Charge Six – Counts One and Two); and Abetting Prostitution (Charge Seven). Defendant was acquitted of the remaining charges.

After the verdict, Defendant filed a Motion for Judgment of Acquittal, which the trial court denied. The trial court sentenced Defendant to twenty-one years' incarceration, and Defendant appealed. Pursuant to its Opinion issued on April 15, 2020, the Supreme Court entered a Judgment ordering that:

> 1) the trial court's denial of Santos's motion to suppress is AFFIRMED . . . 2) Santos's conviction for bribery is VACATED . . . 3) Santos's conviction for First Degree CSC under Count Two of the Second Charge is VACATED . . . and 4) Santos's conviction for Third Degree CSC under Count One of the First Charge for the same act of fellatio as his conviction for First Degree CSC under Count One of the Second Charge is VACATED . . . The Court REMANDS for entry of a new judgment not inconsistent with this opinion.[1]

After the Mandate was issued, Judge Perez held a Status Hearing on July 28, 2020. At the hearing, Attorney Van de veld entered his appearance on behalf of Defendant and notified the Court that he (on behalf of Defendant) may be filing a motion for recusal. Min. Entry, at 9:48:27 AM (July 28, 2020). Judge Perez directed Defendant to file the motion. *Id.* at 9:51:21 AM.

---

[1] The Opinion and Judgment were issued by the Supreme Court on April 15, 2020. *People v. Santos*, 2020 Guam 5. The Mandate to the trial court was issued on July 1, 2020.

Judge Perez held three more Status Hearings on October 13, 2020, December 1, 2020 and February 22, 2021. At the February 22, 2021 hearing, Judge Perez informed the parties that the Court would move forward if he did not hear anything from the parties within the next 45 days and scheduled a hearing for April 6, 2021. Min. Entry, at 9:55:27 AM (Feb. 22, 2021).

On March 15, 2021, the People filed a Request For Defendant To Be Re-Sentenced In Accordance With the Mandate of the Supreme Court of Guam. On April 2, 2021, Defendant filed his Written Statement of Objection and Request for Recusal of Court ("Request for Recusal") supported by a Declaration of Defendant Paul John Santos. Judge Perez filed his Answer Re Defendant's Statement of Objection on April 12, 2021 ("Perez Answer"). On June 3, 2021, this matter was assigned to the Honorable Dana A. Gutierrez to decide the issue of Defendant's request to recuse Judge Perez from the case.

## DISCUSSION

Defendant alleges the following grounds to support his request to recuse Judge Perez from his case: 1) "at several status hearings the Court has indicated an intention to continue to impose the same sentence despite the reduction in offenses," so Defendant believes Judge Perez is prejudiced against him; 2) Judge Perez has a familial relationship with Ms. Doreen Flores Pangelinan, who is the mother of Defendant's oldest child and an employee of the Court; and 3) the Honorable Arthur R. Barcinas previously recused himself from the above-captioned case because Ms. Doreen Flores Pangelinan worked for him 25 years ago. Req. for Recusal, at 2 (Apr. 2, 2021).

### I.   Challenge To Competency Pursuant to 7 GCA § 6105(b).

First, with regard to the allegation that Judge Perez is actually prejudiced against Defendant, Defendant cites to 7 GCA § 6105(b) which states, in part:

> (b) A Judge shall also disqualify himself or herself in the following circumstances, but if, following complete disclosure to all parties in the

3

proceeding of the reasons for his or her disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself:

> (1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

Under § 6105(b), if a party objects to a judge, the judge should be disqualified if he has an actual bias concerning a party. *See Van Dox v. Super. Ct. (Alcorn)*, 2008 Guam 7 ¶ 18. A statement objecting to a judge's competency "that contains nothing but conclusions and sets forth no facts constituting a ground of disqualification may be ignored or stricken from the files by the trial judge." *Id.* at ¶ 29 (citing *People v. Sweeney*, 357 P.2d 1049, 1053 (Cal. 1961)). An objection that fails to allege any facts that would serve as grounds for disqualification is legally insufficient. *Id.* at ¶ 27; *see also People v. Johnny*, 2006 Guam 10 ¶ 19 (finding that a statement of objection must set forth facts that would constitute grounds for disqualification). A statement of objection is legally insufficient if it includes only conclusory or irrelevant statements such as:

> [C]onclusions; references to copious transcripts without citation to specific excerpts . . . material not legally indicative of bias or prejudice, such as judicial opinions expressed in the discharge of litigation and legal rulings . . . and references to circumstances so inconsequential as to be no indication whatsoever of hostility and nonprobative of any bias or prejudice.

*Id.* (internal citations omitted).

Defendant has failed to demonstrate how any credible facts warrant Judge Perez's disqualification pursuant to § 6105(b)(1). *People v. Tennessen*, 2010 Guam 12 ¶ 48. Rather, Defendant makes a broad conclusory allegation that Judge Perez has indicated he intends to impose "essentially the same sentence as previously imposed," so the Defendant believes Judge Perez "is prejudiced against [him] and bears [sic] intends to disregard the fact of [his] lesser criminal conduct as determined on appeal." Req. for Recusal, at 2.

Defendant does not support this allegation with any reference to the record or any citation

4

to statements made by Judge Perez that may indicate prejudice or bias against Defendant. Instead, Defendant attempts to support his belief that Judge Perez is biased by stating that the Court "has not ordered a new and updated Presentence Report" ("PSI") which indicates to Defendant that the Court "intends to impose essentially the same sentence as previously imposed[.]" Req. for Recusal, at 2.

In response, Judge Perez asserts that Defendant has never requested for a new PSI to be produced by probation. Perez Answer, at 2 (Apr. 12, 2021). Judge Perez notes that after the Mandate was issued by the Guam Supreme Court, the Court held several hearings where Defendant and counsel represented that they were considering an appeal to the U.S. Supreme Court or a writ of habeas corpus. *Id.* at 2-3. Further, Judge Perez states that at all times, he "has been and continues to be ready to enter a judgment pursuant to the mandate of the Supreme Court as well as re-sentence Defendant," and that he is not "predisposed to sentence Defendant to a similar or exact number of years as reflected in the original sentence." *Id.* at 3.

Defendant's Request for Recusal does not point to any evidence, such as conduct or statements made by Judge Perez, in order to demonstrate that Judge Perez is biased against Defendant. The only alleged evidence in the record referenced by Defendant is that Judge Perez has not ordered a new PSI; however, the Court does not find anything in the record demonstrating that Defendant ever made a request for a new PSI to be ordered, as noted by Judge Perez.

As Defendant's Request for Recusal "contains nothing but conclusions and sets forth no [credible] facts constituting a ground of disqualification," the Court is unable to determine whether actual bias exists and is therefore permitted to reject these allegations in Defendant's Request for Recusal. *See Van Dox*, 2008 Guam 7 ¶ 29, 37 n.13. Accordingly, the Court finds

that this ground for the objection does not meet the requirements to show actual bias pursuant to

7 GCA § 6105(b). *Id.*

## II.   Challenge To Competency Pursuant to 7 GCA § 6105(a).

With regard to Defendant's assertion that Judge Perez's familial relationship with Ms.

Doreen Flores Pangelinan warrants disqualification, Defendant cites to 7 GCA § 6105(a) which

states:

> (a) Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

First, in order to support his assertion that a connection to Ms. Pangelinan warrants the

disqualification of Judge Perez, Defendant mistakenly asserts that Judge Barcinas' recusal was

based on his professional relationship with Ms. Pangelinan—that she worked for Judge Barcinas

more than 25 years ago. Rather, Judge Barcinas' 7 GCA § 6106 Disqualification Memorandum

states that Judge Barcinas disqualified himself because before becoming a judge, his law firm

"represented a client against the Defendant, and [he has] personal knowledge of the Defendant

which may affect [his] ability to be impartial." Disqualification Memo. of Judge Barcinas (Oct.

7, 2014). There is no comparable allegation in Defendant's objection to Judge Perez (i.e. that

Judge Perez previously represented a client against Defendant and may have a legal conflict of

interest). Therefore, the reference to Judge Barcinas' recusal does not support Defendant's

objection to Judge Perez's competency because it was not related to a professional relationship

with Ms. Pangelinan such as her status as a current employee for the Superior Court or a

previous position working for Judge Barcinas.

Next, Defendant moves for Judge Perez's disqualification, alleging that an appearance of

impartiality exists because "Judge Perez's father, and the mother-in-law of Ms. Doreen Flores

Pangelinan, are related." Req. for Recusal, at 2. Defendant states that Ms. Pangelinan is the mother of Defendant's oldest child with whom he "has a turbulent relationship." *Id.* Defendant further states that Ms. Pangelinan is an employee of the Superior Court. *Id.*

In response, Judge Perez states that he "was unaware until the filing of the Written Statement of Objection that Ms. Doreen Flores Pangelinan is the mother of Defendant's oldest child." Perez Answer, at 2. Judge Perez admits that Ms. Pangelinan is married to his second cousin, but denies that such a relationship has created a bias against Defendant. *Id.*

For objections to a judge's competency under 7 GCA § 6105(a), "what matters is the appearance of bias, not actual bias." *People v. Camaddu*, 2015 Guam 2 ¶ 74 (citing *Van Dox v. Super. Ct.*, 2008 Guam 7 ¶ 32). The "appearance of bias is judged from the standard of a 'reasonable person' who knows all the facts, and understands the 'contexts of jurisdictions, parties, and controversies involved.'" *Id.*

The decision on whether a judge's impartiality can "'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 914 (2004).[2] The "reasonable person is not hypersensitive or unduly suspicious, but is a well-informed, thoughtful observer." *U.S. v. Sierra Pacific Industries*, 759 F. Supp. 1198, 1203 (E.D. Cal. 2010) (citing *U.S. v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)). Furthermore, judges "have 'as strong a duty to sit when there is no legitimate reason to recuse as [they] do[ ] to recuse when the law and facts require.'" *Tennessen*, 2010 Guam 12 ¶ 49.

Defendant has not put forward any facts supporting that a reasonable inference of partiality exists based on Judge Perez's second cousin's marriage to Ms. Pangelinan who is the

---

[2] Because 7 GCA § 6105 is taken from the federal disqualification statute, 28 U.S.C.A. § 455, the Guam Supreme Court has held that the federal courts' interpretation of the federal statute is instructive for the purpose of interpreting 7 GCA § 6105. *People v. Tennessen*, 2010 Guam 12 ¶ 25 (citing *Ada v. Gutierrez*, 2000 Guam 22 ¶ 12 n.2).

mother of Defendant's oldest child. Contrary to Defendant's suggestion that pursuant to *Dizon v. Superior Court*, Judge Perez must disqualify himself because an appearance of bias may exist, the facts of this case are distinguishable from that of *Dizon. See Dizon v. Super. Ct.*, 1998 Guam 3. Specifically, nothing on the record suggests Ms. Pangelinan has attempted to influence the outcome of Defendant's case through improper communications with the Judge or that Judge Perez and Ms. Pangelinan are close friends, which were significant factors in the *Dizon* decision. *Id.* at ¶ 12-15.

Further, Defendant cites to *U.S. v. Barry* to support his assertion that statements made by a judge reflecting that a judge has lost perspective or may act impartially would warrant disqualification of a judge and re-sentencing by a new judge. Req. for Recusal, at 6 (citing *U.S. v. Barry*, 961 F.2d 260 (D.D.C. 1992)). However, in *Barry*, the defendant based his objection on *specific* remarks which were identified and quoted in the defendant's motion to disqualify the judge. *Barry*, 961 F.2d at 264. Additionally, contrary to Defendant's assertion, the *Barry* court did *not* find that the remarks made by the judge caused his impartiality to be reasonably questioned, and held that the trial court did not err in denying the defendant's motion for a pre-sentencing report and for a new judge. *Id.* at 265-69.

In this case, the Court, having reviewed the pleadings and applicable law, does not find that a reasonable person—a well-informed, thoughtful observer—would question Judge Perez's impartiality in this matter based on his second cousin's marriage to Ms. Pangelinan who is the mother of Defendant's child. Nothing in the record suggests that Judge Perez and Ms. Pangelinan have the type of relationship sufficient to require disqualification, and Ms. Pangelinan is not a witness or party in this matter. Rather, the fact that neither Judge Perez nor Defendant realized this relationship existed until several months after an appeal from a fully conducted trial by Judge Perez weighs in favor of finding that a reasonable person would not

question Judge Perez's impartiality based on this connection.

A "reasonable person is able to appreciate the significance of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely an illusion." *In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010) (citing *Cheney*, 541 U.S. at 924). Here, the Court finds that Defendant's allegations—that Judge Perez made remarks which may indicate impartiality and that Judge Perez has a familial relationship with the mother of Defendant's oldest child—are remote, conclusory, and speculative in nature, and the Court therefore concludes that an appearance of impartiality does not exist.

## CONCLUSION

For the foregoing reasons, Defendant has not stated grounds under 7 GCA § 6105(a) and (b) warranting Judge Perez's disqualification. Accordingly, Defendant's Request for Recusal of Judge Perez is hereby **DENIED**.

SO ORDERED: JUL 0 6 2021

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam